**EXHIBIT 6**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARKSDALE SCHOOL PORTRAITS, LLC, d/b/a HOCKMEYER WITH BARKSDALE, and BSP NEW ENGLAND, LLC, d/b/a HOCKMEYER WITH BARKSDALE, | : : : : : : | |
| Plaintiffs, | : : | Civil Action No. 1:20-cv-11393 |
| vs. | : : | |
| ELIZABETH HOCKMEYER WILLIAMS and E-LLUMINATIONS, | : : : | |
| Defendants. | : : : | |
| ELIZABETH HOCKMEYER WILLIAMS, E-LLUMINATIONS (a d/b/a of JCW CONSULTING, LLC), | : : : : | |
| Counter and Cross-Claim Plaintiffs, | : : : | |
| vs. | : : | |
| BARKSDALE SCHOOL PORTRAITS, LLC, d/b/a HOCKMEYER WITH BARKSALE, BSP NEW ENGLAND, LLC, d/b/a HOCKMEYER WITH BARKSDALE, WAYNE BARKSDALE, individually, and SUSAN SHERIDAN, individually, | : : : : : : : | |
| Counterclaim Defendants. | | |

## ANSWER TO DEFENDANTS' COUNTERCLAIMS

Barksdale School Portraits, LLC and BSP New England, LLC d/b/a Hockmeyer with

Barksdale (collectively "Hockmeyer with Barksdale"), Wayne Barksdale and Susan Sheridan

(collectively "Counterclaim Defendants"), by and through their counsel, answer the Amended Counterclaims of Elizabeth Hockmeyer Williams and E-lluminations (individually "Ms. Williams" and "E-lluminations," and collectively "Defendants" or "Counterclaimants") as follows:

1. Counterclaim Defendants lack personal knowledge as to whether E-lluminations is a d/b/a for JCW Consulting, LLC, or the ownership of that corporation, and therefore those allegations are denied. The remaining allegations of this paragraph constitute argument and conclusions of law, to which no response is required and, in any event, are denied, or are simply false and are denied.

2. Denied.

3. Denied.[1]

4. Denied. By way of further response, Ms. Williams is the one who would repeatedly swear, belittle and demean her associates, her husband, Mr. Barksdale, Ms. Sheridan, business colleagues, customers and others at Hockmeyer with Barksdale, both in person and in writing. She also would behave inappropriately at work by discussing her sex life. She appeared to others at Hockmeyer with Barksdale to be a narcissist and delusional, which, on information and belief, led her to file the false, scandalous and outrageous lies in these Counterclaims.

5. Counterclaim Defendants admit only that BSP New England, LLC acquired Hockmeyer Studios, Inc., which was owned by Brian and Ann Hockmeyer, who

---

[1] Counterclaim Defendants lack personal knowledge as to the allegations in footnote 3 on page 11 of the Amended Counterclaim and therefore it is denied.

on information and belief are Ms. Williams parents, in August of 2018, and that through that acquisition Ms. Williams became an employee of Hockmeyer with Barksdale and Mr. Williams became an employee of Barksdale School Portraits. The remaining allegations of this paragraph are denied.

6. Counterclaim Defendants admit only that Ms. Williams reported to Mr. Barksdale, who was her supervisor, and that a condition of her hire was a non-competition and non-solicitation agreement, which she attempted to avoid and failed to sign while accepting employment knowing that it was a condition of her employment. The remaining allegations of this paragraph are denied, although Ms. Williams did have dotted-line reporting obligations as to sales to Ms. Sheridan and as to other parts of her job to others at Hockmeyer with Barksdale.

7. Counterclaim Defendants lack personal knowledge as to Ms. Williams' understanding of the terms of the acquisition from her parents and as to her loyalty to her parents and therefore those allegations are denied. The remaining allegations of this paragraph are denied. By way of further response, Mr. Barksdale never "abused" Ms. Williams. Moreover, she neglected many of her obligations to Hockmeyer with Barksdale, destroyed and deleted its business communications and confidential information, behaved disloyally and tortiously in undermining the company's relationships with its customers, contacts and employees, acted with dishonesty and deceit, and stole the company's confidential information and equipment, as summarized in the Complaint and Amended Complaint.

8. Denied. By way of further response, this allegation reflects the dishonesty and/or delusions of Ms. Williams.

9. Denied. By way of further response, this allegation reflects the dishonesty and/or delusions of Ms. Williams.

10. Denied. By way of further response, this allegation reflects the dishonesty and/or delusions of Ms. Williams.[2]

11. Counterclaim Defendants admit only that "COVID-19 changed things" and impacted the economy, school events, school openings and school photography needs. Hockmeyer with Barksdale did not terminate Ms. Williams on March 19, 2020, Mr. Barksdale did not instruct her to terminate the employment of all employees in New England at that time, and Ms. Williams did not do so. By way of further response, this allegation reflects the dishonesty and/or delusions of Ms. Williams.

12. Counterclaim Defendants admit only that Ms. Williams claimed and received unemployment compensation benefits during the temporary furlough before resigning at Hockmeyer with Barksdale and, on information and belief, continued to collect such benefits despite earning compensation through E-lluminations, which she and E-lluminations did not report to the Commonwealth of Massachusetts, which could constitute fraud on the state, and that Hockmeyer with Barksdale applied for a Payroll Protection Program loan. Counterclaim Defendants deny that Ms. Williams was asked to perform, or did perform,

---

[2] Counterclaim Defendants deny the allegations set forth in footnote 4 on page 13 of the Amended Answer and Counterclaims.

4

      anything beyond minimal transitional work during the furlough before she began stealing and destroying the confidential information and property of the company, interfering with customer relationships, and in general tortiously interfering with company relationships and contracts. The remaining allegations of this paragraph state conclusions of law and argument to which no response is required and, in any event, the allegations are denied.

13. Denied. By way of further response, these allegations reflect the dishonesty and/or delusions of Ms. Williams and her husband.

14. Denied. By way of further response, these allegations reflect the dishonesty and/or delusions of Ms. Williams.

15. Denied. Under Massachusetts law, as noted in the Complaint and Amended Complaint, Ms. Williams had a duty of loyalty to Hockmeyer with Barksdale that continued throughout her employment with the company, which precluded her from competing, soliciting customers, poaching corporate opportunities or otherwise harming the interests of her employer while employed there. She also had a duty not to tortiously interfere with the contracts and business relationships of Hockmeyer with Barksdale. Despite these obligations, she continually and wrongfully stole and/or destroyed company information and property, solicited customers for herself and E-lluminations using the email system, phone number and equipment of Hockmeyer with Barksdale, and harmed the interests of Hockmeyer with Barksdale, as summarized in the Complaint and Amended Complaint. By way of further response, the Complaint and Amended Complaint do not allege that Ms. Williams made any promise, contractual or otherwise, not

to solicit customers, and that is just one more false and delusional claim by Ms. Williams.

16. Denied. As noted in the Complaint and Amended Complaint, Ms. Williams engaged in intentional, repeated wrongful conduct in violation of her obligations to Hockmeyer with Barksdale, including stealing confidential information, equipment and customers, destroying company information, disloyalty, and theft of corporate opportunities while still employed with the company.

17. Denied. By way of further information, Ms. Williams' reference to "Elizabeth' [sic] cell phone number" is referring to her Hockmeyer with Barksdale company phone and number, which was owned, paid for and registered to Hockmeyer with Barksdale. Toward the end of her employment with Hockmeyer with Barksdale, Ms. Williams surreptitiously stole, converted to her ownership, and began using the phone and phone number for her new company, E-lluminations, thereby intercepting and stealing company business, until the theft was discovered by Hockmeyer with Barksdale, at which time she returned the phone to the company through the intervention of her attorney and stopped using the number – but only after she had destroyed all evidence of her solicitations and wrongful conduct using the phone prior to her separation from Hockmeyer with Barksdale.

18. Denied. Again, Ms. Williams was not terminated by Hockmeyer with Barksdale on May 7. She continued to be an employee up to and through the date she sent the disloyal email to all company clients in New England through Hockmeyer with Barksdale email, seeking to destroy the relationship and goodwill between these customers and Hockmeyer with Barksdale. Ms. Williams wrongfully

possessed and used the confidential information of Hockmeyer with Barksdale, including that on its phones and computer systems, to wrongfully solicit the company's customers and business. By way of further response, Ms. Williams was so successful in deceiving these Hockmeyer with Barksdale customers into believing that she was continuing Hockmeyer Studios, and that Hockmeyer with Barksdale was not, that Andover High School and, on information and belief, other schools were misled into believing that she and E-lluminations were the successor of her parents' company, and not Hockmeyer with Barksdale.

19. Denied. By way of further response, Ms. Williams frequently praised Hockmeyer with Barksdale's production processes and products, and relayed customer praise for the work of the company, but then would turn around and undermine Hockmeyer with Barksdale to company employees, management and customers, in violation of her duty of loyalty, and this pleading continues those false allegations. As is typical of someone with a narcissistic personality disorder, nothing was ever Ms. Williams' fault, she always had to blame someone else.

20. Denied. By way of further response, Mr. Williams explained that he was resigning because he could not work with Ms. Williams, and that it had nothing to do with Hockmeyer with Barksdale. He noted also that he had to resign from prior employment with her for the same reason. Moreover, Mr. Williams failed to achieve the information technology integration he had promised to Barksdale School Portraits for more than a year.

21. Denied. This paragraph states legal conclusions to which no response is required and, in any event, they are denied. By way of further response, Ms. Williams'

wrongful conduct was extensive and is well-documented, including using Hockmeyer with Barksdale email systems, data, phone and phone number to solicit company customers before and after leaving Hockmeyer with Barksdale, denigrating the company to its customers and employees, destroying company data and evidence of her wrongdoing, and working in general to destroy the goodwill and customer relationships that Hockmeyer with Barksdale had built over years and acquired from her parents.

22. Denied. Ms. Williams was not fired on March 19, 2020, or May 7, 2020, and was not loyal during her employment with Hockmeyer with Barksdale, as noted above and in the Complaint and Amended Complaint. By way of further response, she did engage in wrongful and disloyal conduct by sending the May 12, 2020, email undermining the company to company customers using the Hockmeyer with Barksdale email system and customer lists, among other actions. The remaining allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

23. Denied. By way of further response, Ms. Williams actually put her own interests ahead of her parents by admitting in her May 12, 2020, email and in other communications that her parents were supporting her separation from Hockmeyer with Barksdale, supporting her disparagement of Hockmeyer with Barksdale, and supporting her solicitation of competitive business.

24. Denied. As noted in the Complaint and Amended Complaint, Ms. Williams wrongfully destroyed and deleted her company email messages and data and the data on her company phone, even after being given a "litigation hold" instruction

       by counsel for Hockmeyer with Barksdale and her own counsel. The remaining allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

25. Counterclaim Defendants admit only that Ms. Williams offered through her counsel concessions and agreement to non-competition and non-solicitation clauses after Ms. Williams had been caught red-handed soliciting Hockmeyer with Barksdale customers prior to her departure from the company, sending the derogatory e-mail, stealing the company phone and other equipment, destroying company data, and using the Hockmeyer with Barksdale cell phone to contact, solicit, steal and do business with clients of Hockmeyer with Barksdale. Counsel for the parties almost reached agreement on the terms of a settlement, with counsel for Ms. Williams asking that counsel for Hockmeyer with Barksdale begin writing up the settlement agreement based on material terms exchanged by phone conversation and email (which documents speak for themselves, and any different characterization in the Counterclaim is denied), with counsel for Ms. Williams then unilaterally reversing course days later, stating that Ms. Williams no longer wanted to engage in settlement discussions. Ms. Williams and that attorney parted ways soon thereafter. The remaining allegations of this paragraph are denied. To the extent this paragraph includes conclusions of law and argument, no response is required and, in any event, those allegations are denied.

26. The allegations of this paragraph constitute conclusions of law and argument, to which no response is required and, in any event, those allegations are denied. By way of further response, anyone who reads the Complaint and Amended

Complaint can plainly see that it does not seek to prevent Ms. Williams from competing or obtaining business, only damages for her wrongful conduct and a cessation of her wrongful use of stolen information and property.

27. The allegations of this paragraph constitute conclusions of law and argument, to which no response is required and, in any event, those allegations are denied.

28. Counterclaim Defendants admit only that Ms. Williams, on information and belief, resides in Amesbury, Massachusetts, that she worked for BSP New England, LLC, that BSP New England, LLC is owned by Wayne Barksdale, and that Barksdale School Portraits has sued Ms. Williams. To the extent this paragraph includes conclusions of law and argument, no response is required and, in any event, those allegations are denied. Any remaining factual allegations of this paragraph are denied.

29. Counterclaim Defendants admit only that Ms. Williams alleges she performed work for BSP New England without pay after March 18, 2020. The remaining factual allegations are denied. To the extent this paragraph includes conclusions of law and argument, no response is required and, in any event, those allegations are denied.

30. The allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

31. The allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

### ANSWER TO COUNTERCLAIM COUNT I

32. Counterclaim Defendants incorporate their responses to the prior allegations of the Counterclaim as if set forth in full here.

33. The allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

### ANSWER TO COUNTERCLAIM COUNT II

34. Counterclaim Defendants incorporate their responses to the prior allegations of the Counterclaim as if set forth in full here.

35. The allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

### ANSWER TO COUNTERCLAIM COUNT III

36. Counterclaim Defendants incorporate their responses to the prior allegations of the Counterclaim as if set forth in full here.

37. Admitted.

38. Counterclaim Defendants admit only that Ms. Williams resides in Massachusetts, on information and belief. Counterclaim Defendants lack personal knowledge as to whether E-lluminations is the d/b/a of a Massachusetts business that is owned by her husband, and therefore those allegations are denied. The remaining allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

39. The allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied. By way of

further response, Counterclaim Defendants have acted at all times in good faith, for legitimate business reasons, and in full compliance with the law.

40. The allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

## ANSWER TO COUNTERCLAIM COUNT IV

41. Counterclaim Defendants incorporate their responses to the prior allegations of the Counterclaim as if set forth in full here.

42. Denied.

43. The allegations of this paragraph state conclusions of law and argument, to which no response is required and, in any event, the allegations are denied.

**WHEREFORE**, Counterclaim Defendants request that this Court issue judgement in their favor, including dismissal of defendants Elizabeth Hockmeyer Williams' and E-lluminations' Counterclaims and such other relief as is just and proper.

## AFFIRMATIVE DEFENSES

Defendants' claims fail, in whole or in part, to state a claim upon which relief may be granted.

1. Defendants' claims fail, in whole or in part, by the doctrine of unclean hands.

2. Defendants' claims are barred, in whole or in part, because Counterclaim Defendants did not breach any duty owed to Ms. Williams or E-lluminations.

3. Defendants' claims are barred, in whole or in part, because they suffered no loss or injury for which Counterclaim Defendants are liable.

4. Defendants' claims are barred, in whole or in part, because any damages they allegedly sustained were not the direct or proximate cause of any acts or omissions by Counterclaim Defendants.

5. Defendants' claims are barred, in whole or in part, to the extent that Ms. Williams and E-lluminations failed to mitigate their damages.

6. Counterclaim Defendants acted at all times in good faith, for legitimate business reasons, and without intent to violate the law or harm Ms. Williams or E-lluminations.

7. Defendants' failed to exhaust their administrative remedies before filing claims under the MCAD in their original Counterclaim, and have thwarted the administrative process.

8. Any claim by Ms. Williams for wages after March 18, 2020, is limited to actual time worked and not paid, as she was not being paid on a salary basis from that date forward.

9. Counterclaim Defendants are not liable to Ms. Williams for work that she engaged in for Hockmeyer with Barksdale after March 18, 2020, which was not authorized by, reported to or known by Hockmeyer with Barksdale.

**WHEREFORE**, Counterclaim Defendants request that this Court issue judgment in their favor, including dismissal with prejudice of the Counterclaims of Elizabeth Hockmeyer Williams and E-lluminations, and such other relief as is just and proper, including without limitation Counterclaim Defendants' attorneys' fees and costs resulting from her bad faith and malicious counterclaims.

Counterclaim Defendants reserve the right to assert or plead any additional affirmative defenses, the availability of which may arise or become known throughout the course of this legal action.

Dated: October 14, 2020                    By:     s/Michael D. Homans
                                                   Michael D. Homans
                                                   HomansPeck, LLC
                                                   1500 John F. Kennedy Blvd., Suite 520
                                                   Philadelphia, PA 19102
                                                   (215) 419-7477
                                                   mhomans@homanspeck.com
                                                   *Admitted pro hac vice*

                                                   Jeffrey A. Dretler (BBO#558953)
                                                   Rubin and Rudman LLP
                                                   53 State Street
                                                   Boston, MA 02109
                                                   (617) 330-7078
                                                   jdretler@rubinrudman.com

                                                   *Attorneys for Plaintiffs/Counterclaim Defendants, BARKSDALE SCHOOL PORTRAITS, LLC and BSP NEW ENGLAND, LLC, D/B/A HOCKMEYER WITH BARKSDALE and Counterclaim Defendants WAYNE BARKSDALE and SUSAN SHERIDAN*

**CERTIFICATE OF SERVICE**

I, Michael D. Homans, hereby certify that the foregoing Answer to Defendants' Counterclaims was filed using the Court's electronic filing system on this 14th day of October 2020 and served upon all counsel of record via ECF notification.

By: *s/Michael D. Homans*
Michael D. Homans