**EXHIBIT 11**

**Jeff Rosin**

| | |
|---|---|
| **From:** | Michael Homans <mhomans@homanspeck.com> |
| **Sent:** | Friday, April 23, 2021 2:54 PM |
| **To:** | Jeff Rosin |
| **Cc:** | Jeffrey A. Dretler; Carol Feather; Kathryn Vassall |
| **Subject:** | [EXTERNAL] Re: Barksdale v Williams - discovery disputes |

Jeff,

Please don't play these games. I told you that the redactions relate to school clients that are not disclosed as ones solicited directly by Elizabeth Williams in the documents she produced and the documents Barksdale has been able to recover. That does not mean "Barksdale does not claim that Elizabeth Williams solicited and/or interfered with" the redacted schools. She obviously did interfere with every single client of Barksdale with her May 12 email using Barksdale's email system, email, phone and customer lists and succeeded in harming the Barksdale business greatly, as will be proven. Furthermore, she destroyed Barksdale emails and confidential information and completely wiped the data from her Barksdale devices to cover her tracks, so we may not be able to specifically identify all of her wrongful solicitations – and presumably that was her intent in destroying the documents.

We will review your narrowed discovery request and search for responsive documents as to any frustrations with Barksdale by the non-redacted clients in the year prior to Ms. Williams resigning, regardless of whether the frustrations were due to Elizabeth Williams' service or lack thereof, or any other person or reason.

Michael



Michael Homans
**HomansPeck, LLC**
*City*: 1600 John F. Kennedy Blvd., Suite 520, Philadelphia, PA 19102
*Suburban*: 134 N. Wayne Ave., Suite 300, Wayne, PA 19087
W: (215) 419-7477      M: (610) 420-8165
www.homanspeck.com

This email may contain confidential and privileged attorney-client communications. If you receive this email in error, please notify the sender immediately and do not use or disclose any information contained in the message.

---

**From:** Jeff Rosin <jrosin@ohaganmeyer.com>
**Date:** Friday, April 23, 2021 at 1:53 PM
**To:** Michael Homans <mhomans@homanspeck.com>
**Cc:** "Jeffrey A. Dretler" <JDretler@rubinrudman.com>, Carol Feather <cfeather@homanspeck.com>, Kathryn Vassall <kvassall@ohaganmeyer.com>
**Subject:** RE: Barksdale v Williams - discovery disputes

Michael,

Further to conferring below, and our call today, you have informed me that Barksdale's Production, 912-949 contains redactions where there are schools names, etc. blacked out where Barksdale does not claim that Elizabeth Williams interfered/solicited business. In other words, the schools that are not blacked out are the ones you claim Ms. Williams

1

improperly solicited and/or interfered with. Thus, we have some further information by which to address the open discovery matter in Item A.5 below.

Specifically, we have informed you that many customers of your clients were extremely frustrated with the production issues and the work product at BSP. Because you are now asserting that the Non-redacted customers on Bates 912-949 are customers Ms. Williams supposedly improperly solicited/interfered with, it is appropriate to narrow the scope of our request to item A.5 below to those schools/customers. Thus, any emails by or between any of those customers that are not redacted on pp. 912-949 and your clients are relevant and must be produced. Please confirm you will do so promptly, so that we do not need to see a court order pertaining to them. Please note that, in particular, this applies to Bates Pages, 912-923, 927-935, 937-944, and 947-949.

Thank you for your prompt response and anticipated prompt cooperation.

Jeffrey M. Rosin, Esq.
jrosin@ohaganmeyer.com
Managing Partner – Boston Office
111 Huntington Avenue | Suite 2860 | Boston| Massachusetts | 02199
PH 617.843.6800 | DIR 617.843.6801 | FX 617.843.6810 | C: 617.571.8024

O'HAGAN MEYER
ATTORNEYS + ADVISORS

Alexandria, VA • Boston • Charlotte • Chicago • Detroit • Los Angeles • San Francisco
Orange County, CA • Philadelphia • Richmond • Washington D.C. • Wilmington, DE

**From:** Jeff Rosin
**Sent:** Friday, April 9, 2021 11:28 AM
**To:** Michael Homans <mhomans@homanspeck.com>
**Cc:** Jeffrey A. Dretler <JDretler@rubinrudman.com>; Carol Feather <cfeather@homanspeck.com>
**Subject:** RE: Barksdale v Williams - discovery disputes

Michael,
Monday is better for me, virtually anytime, as I am with a witness the bulk of the day today. Please let me know if 10:00 a.m. works for you Monday.
Thank you.
Jeff

Jeffrey M. Rosin, Esq.
jrosin@ohaganmeyer.com
Managing Partner – Boston Office
111 Huntington Avenue | Suite 2860 | Boston| Massachusetts | 02199
PH 617.843.6800 | DIR 617.843.6801 | FX 617.843.6810 | C: 617.571.8024

O'HAGAN MEYER
ATTORNEYS + ADVISORS

Alexandria, VA • Boston • Charlotte • Chicago • Detroit • Los Angeles • San Francisco
Orange County, CA • Philadelphia • Richmond • Washington D.C. • Wilmington, DE

**From:** Michael Homans <mhomans@homanspeck.com>
**Sent:** Friday, April 9, 2021 10:55 AM
**To:** Jeff Rosin <jrosin@ohaganmeyer.com>
**Cc:** Jeffrey A. Dretler <JDretler@rubinrudman.com>; Carol Feather <cfeather@homanspeck.com>
**Subject:** [EXTERNAL] Re: Barksdale v Williams - discovery disputes

Jeff,

Let's have a call this afternoon or Monday, I am available either afternoon.  **Let me know what works for you.**

Either way, the supplemental production and responses from your client need to be in hand today or by early next week at the latest to give us time to prepare for depositions, so please produce them.

We will have the confidentiality stipulation back to you today, as well as Barksdale's supplemental production, but can discuss any outstanding issues on our end, too.

Michael



Michael Homans
**HomansPeck, LLC**
*City*: 1600 John F. Kennedy Blvd., Suite 520, Philadelphia, PA 19102
*Suburban*: 134 N. Wayne Ave., Suite 300, Wayne, PA 19087
W: (215) 419-7477     M: (610) 420-8165
www.homanspeck.com

This email may contain confidential and privileged attorney-client communications.  If you receive this email in error, please notify the sender immediately and do not use or disclose any information contained in the message.

---

**From:** Jeff Rosin <jrosin@ohaganmeyer.com>
**Date:** Friday, April 9, 2021 at 10:33 AM
**To:** Michael Homans <mhomans@homanspeck.com>
**Cc:** "Jeffrey A. Dretler" <JDretler@rubinrudman.com>, Carol Feather <cfeather@homanspeck.com>
**Subject:** FW: Barksdale v Williams - discovery disputes

Michael – please see my response below in red, and please find attached the corrected deposition notice for Belle Lawrence.  Thank you.

**From:** Michael Homans <mhomans@homanspeck.com>
**Sent:** Tuesday, April 6, 2021 12:09 PM
**To:** Jeff Rosin <jrosin@ohaganmeyer.com>
**Cc:** Jeffrey A. Dretler <JDretler@rubinrudman.com>
**Subject:** [EXTERNAL] Barksdale v Williams - discovery disputes

Jeff,

1. Thank you for the deposition notices.
2. See my responses below, **bolded**.  Many of your clients' supplemental responses we have received and appreciate, but many legitimate discovery requests remain unanswered, as set forth below.
3. The Barksdale parties will be providing supplemental documents this week, as indicated below.

3

Please provide your parties' supplemental production and verified interrogatory answers by Friday or we will move to compel on those open issues. Thank you.

Michael



Michael Homans
**HomansPeck, LLC**
*City*: 1600 John F. Kennedy Blvd., Suite 520, Philadelphia, PA 19102
*Suburban*: 134 N. Wayne Ave., Suite 300, Wayne, PA 19087
W: (215) 419-7477      M: (610) 420-8165
www.homanspeck.com

This email may contain confidential and privileged attorney-client communications. If you receive this email in error, please notify the sender immediately and do not use or disclose any information contained in the message.

---

**From:** Jeff Rosin <jrosin@ohaganmeyer.com>
**Date:** Friday, April 2, 2021 at 9:13 AM
**To:** Michael Homans <mhomans@homanspeck.com>
**Cc:** "Jeffrey A. Dretler" <JDretler@rubinrudman.com>, Kathryn Vassall <kvassall@ohaganmeyer.com>
**Subject:** Williams/Barksdale: Deposition Notices and Response to 3.18.21 Discovery Letters.4.2.21

Dear Michael,
I provide attached our deposition notices for the three agreed dates for your clients, May 4, May 7 and May 13. I also write to respond to the attached three letters, addressing your clients' discovery deficiencies first, despite your attached March 18, 2021 letter claiming otherwise, and then to address your claimed discovery deficiencies concerning Elizabeth Williams' discovery responses, and Jeff Williams' discovery responses, in each of the two March 18, 2021 letters attached.

A.    Your March 18, 2021 defending your clients' discovery responses

1. Interrogatory No. 1. This interrogatory is not a fishing expedition, as you claim. Every customer of your client since 2018 is relevant for multiple reasons: you allege Elizabeth stole your clients' customers and, as such, it is important to know the full extent of that customer base to disprove she stole any of them; you further allege your clients lost customers as a result of Elizabeth's actions. Obviously, your client cannot lose customers it never had. Please produce the list requested no later than April 9, 2021. It is curious you are withholding this information but then seeking broad information from Elizabeth in Request Nos 11-19 to her to that end (see Part C.7 below). **We stand by the Barksdale parties' earlier objections that this request is grossly overbroad and unduly burdensome. The Barksdale parties will be producing revenue numbers and documents as to each school/customer that Elizabeth Williams is known to have solicited, using Barksdale's email and phone, at or around the time of her resignation. Those are the ones where damages are known and likely from her wrongful conduct. We reserve the right to expand these disclosures if/when other wrongful conduct as to other customers is discovered. We will also be producing documents and information as to overall revenues in the past three years for HWB, including by product/service type but redacting the names of other customers not known to have been actively solicited by Elizabeth at and around the time of her departure. This is basically what I assured you we would provide in our prior response on Interrogatory 2.**

   I will respond further after I receive what you are proposing is responsive and allegedly adequate.

2. Interrogatory No 2. You are correct about the revenue information we seek, and we appreciate your commitment to produce some of it. However, as I expressed over the telephone in our discovery conference, providing me with a "total revenue" number is only part of the picture. Thus, for example, if your client worked for "ABC School" and had revenue from "ABC School" but never did ABC School's graduation, and my client then solicited this client and obtained a contract for its graduation, that is not a claim your client can credibly make for damage by my client. Thus, it is important to know not just the total revenue, but the categories of revenue. Again, please produce the list requested no later than April 9, 2021. **See prior response. Our production will include some relevant breakdowns as to categories, but we disagree with your attempt to limit the damage claim to just graduation photos. She willfully and maliciously used her access to Barksdale's client lists, email system and phone to harm the relationship of HWB with scores of longtime company clients and is responsible for all damage caused, including subsequent losses from destroying the relationship. In any event, I believe our document production will fully cover this issue.**

   I will respond further after I receive what you are proposing is responsive and allegedly adequate.

3. Interrogatory Nos. 7-8.  Despite our narrowing of the information requested, you continue to refuse to produce it.  We will move to compel the information, but to avoid multiple motions, we will await your further information on or before April 9.  Your client continued to seek the free services of multiple employees on an after their "lay off" on March 19, 2020, Elizabeth objected to it, and for that, she experienced retaliation.  Moreover, your client's solicitation of the free services of these multiple employees demonstrates the same request of Elizabeth from March 19, 2020 to May 7, 2020 and the same expectation of Jeff Williams in Jeff Williams' case. **We are not aware of any details or evidence of any such objection by Elizabeth Williams and we note that she is the one who mostly solicited her husband's services and those of others. If you have specific details as to any employee or objection, provide it, but the details as to other employees really is not an issue in this case or a basis for your clients to seek such sweeping information. We did provide the one Venmo payment requested – and the facts reveal the context on that, nothing consistent with your client's allegations.**

   You misunderstand and misstate what your client's production of that one piece of paper from Venmo actually means. We will need to move to compel this information it seems.

4. Document Request No. 1. I direct your attention to the reasons for this information requested, articulated above and with the same foundation as the request for information in Interrogatory Nos. 1 and 2. **Our objections stand, but summary information as to customers she solicited and overall revenues will be produced, as noted above.**

   I will respond further after I receive what you are proposing is responsive and allegedly adequate.

5. Document Request Nos. 4-6. As I explained on the telephone, your document requests to Elizabeth (specifically, Request No. 7) sought her evidence that there were "frustrated" customers of Barksdale, frequently because of undue delays and production problems. Of course, the "frustration" of these customers explains why, in our view, certain customers readily chose a new provider of photography services after the Spring of 2020 when your clients terminated Elizabeth. Thus, Request No. 4 sought all emails from customers during the time of Elizabeth's employment and to the present such that (i) we could obtain documents supporting the allegations in our counterclaims that (a) there were frustrated customers, and (b) collect the document responsive to your own Request No. 7 to Elizabeth, and thereby prove our premise. Your refusal to produce this to me, or even to discuss any way to conduct the necessary electronic discovery, will also result in a motion to compel unless it is produced by April 9, 2020. **These requests were grossly overbroad and disproportionate to the needs of the case, as previously noted, and you continue to refuse to narrow them in any way. The fact a business has some customer complaints over the course of several years does not open up discovery to every single email, every single complaint, and every document, which is what you have requested. If you want to send a**

5

different request that relates to customers who left Barksdale and went to Elizabeth Williams and E-Illuminations at the time of her resignation and departure, and their statements as to why, then send such a request and we will respond. Unfortunately, she (and/or Jeff) destroyed many of those electronic communications on her way out, as previously noted, and we will seek the adverse inference from such destruction of evidence.

We are willing to propose search terms, but this is e-discovery that your client needs to produce, particularly since your client has challenged my clients' defense that there were very frustrated customers of your client. Thus, the notion that my client "stole" any of your clients must be balanced against this important evidence. It appears we will need to move to compel unless I hear from you by next Wednesday, April 14th, that you will agree to search terms.

6. Document Request No. 7. We offered to narrow this Request for cell phone records, explaining that it will be proof to demonstrate that your clients sought free services from Elizabeth and multiple other persons after March 19, 2020. Your continued refusal to produce this information will also result in a motion to compel unless it is produced by April 9, 2020. **You are not paying attention to our response. We produced Elizabeth Williams' complete phone records from this period, which show any call from the persons identified. We also produced the complete text messages from her to Wayne and from Jeff to Wayne (we note she has produced almost no text messages that she or Jeff Williams sent or received). There is no basis for seeking production of documents as to every call they made to anyone.**

You have not produced Wayne Barksdale's telephone call records from his cell phone provider, but if you have, please identify the Bates numbers.

7. Request No. 18 – we intend to show that your clients' continued use of the Elizabeth@hockstudio.com email address after her layoff and termination is evidence relevant to the lack of damages your clients suffered or, alternatively, its mitigation of damages. Again, this will also result in a motion to compel unless it is produced by April 9, 2020. **I can state without reservation, on behalf of the Barksdale parties, that to the Barksdale parties' knowledge no one used that email address other than to monitor incoming emails to the address, to ensure that there was a timely response if the messages related to the business. It was not used to contact any customer. A substantial share of the incoming emails to that address, unfortunately, related to on-line shopping and other non-business communications by Elizabeth Williams. There is no relevance here to the issues in this case and this is simply more disproportionate, unduly burdensome and overly broad discovery not targeted at the facts at issue in the complaint and counterclaims.**

B. Your March 18, 2021 deficiency letter to Jeff Williams

1. Interrogatory No. 1: All of the persons who have knowledge of Jeff Williams' claims are listed in his Initial Disclosures, and since they are your clients' current or former employees, you readily already have their contact information, address, phone numbers and emails. As you know, Jeff claims he worked post-resignation for your clients, but was not paid. The persons listed have personal knowledge of this. Further, Jeff claims that what Elizabeth had to endure at the hands of your clients resulted in his loss of consortium, which the persons listed in his Initial Disclosures were aware of. Thus, we feel that we have fully provided information and, to be sure, you can interview all of your clients' current or former employees to verify as such. **Jeff, please. We ask only that your client comply with the Rules and answer the interrogatory as to contact information, addresses, phone numbers and emails as to each witness he claims to rely upon. I assure you that my client does not have such information for all of these people, and we are entitled to what your client has as to each. As a compromise, you can exclude the contact information for current employees of Barksdale. But for each one of these individuals (employee or not) we are entitled to know what Jeff asserts is their knowledge. This is the most basic, elemental request in discovery – yet your client improperly evades providing it. Your broad-brush answer above is not true, as we know, for example, that many of these witnesses have no knowledge of**

6

the so-called "loss of consortium" claim by Jeff, etc. **Given your continued obstruction of basic discovery, we will move to compel on this point absent a complete response by Friday.**

We will supplement this response.

2. Interrogatory No. 2: Jeff has provided you with detailed call logs, emails, and text messages evidencing his working post-resignation for no compensation. Thus, this information is responsive to your clients' interrogatories and provides you with much more detail that any interrogatory could ever call for. There are hundreds of such communications evidence in Jeff Williams' document production, and with multiple people, also evident on the documents themselves. **We will accept that the documents he produced encompass all of his communications regarding post-resignation work. That still does not answer the broader interrogatory as to all communications (written or oral) with employees or former employees of Barksdale relating to any fact at issue in the complaint or counterclaims. If it is true that Jeff Williams has not had any other communications with any such person, as incredible as that would be, you can revise the interrogatory answer and have him verify that he has had no communications other than those listed in the documents. But if he cannot truthfully verify that, then he must provide written answers. Please provide the updated interrogatory answer on this by Friday or we will move to compel.**

We have text messages to produce that will also supplement this response. (As I indicated yesterday, we await your agreement to the confidentiality stipulation before producing those.) Mr. Williams has had multiple phone conversations as well evidencing his work for Barksdale post-resignation, and the dates of all of those are in the phone records we produced. There is nothing more to supplement here.

3. Interrogatory No. 6: We have provided this information in our supplemental production. There was no "double dipping" as you can readily see. **Jeff, your client has not produced his tax returns or all W-2s or 1099s for 2018, 2019 or 2020. This production remains incomplete (e.g., nothing reported from JCW Consulting as to his earnings or distributions in 2019 or 2020) and we will move to compel absent supplemental and complete production by Friday.**

I do not follow what you feel you are missing here given what we have already produced. I would be happy to talk this through by phone to the extent we are not clear with each other on this topic.

4. Interrogatory No. 9: We will supplement this response if any of the counselors listed are indeed reclassified as an expert witness, as opposed to a fact witness. We will do so in due course, and per the Court's scheduling deadlines.
5. Interrogatory No. 11: This information has no relevance to the claims in the case at all. Yet, we already provided you with some of the information. Any further information is irrelevant. **As you know, these communications are directly relevant to the Barksdale parties' defamation claim against your clients for publishing the bogus "court-suits.com" website out of Pakistan with their draft pleadings disparaging Wayne Barksdale and others. Your client has not identified "all persons and entities in Pakistan" with which he has dealt since January 1, 2020 and the nature of such dealings and engagements. It is a modest and easy-to-answer interrogatory, unless your client is trying to hide something. We will move to compel on this unless a complete, verified response is provided by Friday.**

There is no defamation claim in this case. I do not follow why this request has any relevance at all.

6. Document Request No. 27: There is no claim in the case for defamation. You have asked to file an amended complaint. We have opposed it. The court has not ruled. That said, it appears from your document production that you have the sole set of documents that might be claimed to be responsive to this Request already, and you have produced them to us. As a result, we do not see any need to do anything further for Request No. 27. **See above.** See above.

7

7. Document Request No. 28: Documents pertaining to the abuse and harassment of his wife are in the public MCAD and Court filings already. Moreover, Jeff will rely on the documents that will be produced by the relevant therapists in this matter. **I think you mean Request 32. I will take it from this response that he has no responsive documents.**

C. <u>Your March 18, 2021 deficiency letter to Elizabeth Williams</u>

1. Interrogatory No. 1: All of the persons who have knowledge of Elizabeth Williams' claims are listed in her Initial Disclosures and in response to your Interrogatories, and since they are your clients' current or former employees, you readily already have their contact information, address, phone numbers and emails. As you know, Elizabeth claims she worked for free, that she was retaliated against, and that she was harassed. The persons listed have personal knowledge of these claims. Thus, we feel that we have fully provided information and, again, you can interview all of your clients' current or former employees to verify as such. **Again, we ask only that your client comply with the Rules and answer the interrogatory as to contact information, addresses, phone numbers and emails as to each witness she claims to rely upon. I assure you that my client does not have such information for all of these people, and we are entitled to what your client has as to each. As a compromise, you can exclude the contact information for current employees of Barksdale. But for each one of these individuals (employee or not) we are entitled to know what Elizabeth asserts is their knowledge. This is the most basic, elemental request in discovery – yet your client improperly evades providing it. Your broad-brush answer above is not true, as we know, for example, that many of these witnesses have no knowledge of any alleged harassment of Elizabeth Williams, etc. Given your continued obstruction of basic discovery, we will move to compel on this point absent a complete response by Friday.**

   We will provide you with supplemental information here to the extent possible.

2. Interrogatory No. 2: Ms. Williams has now produced the document referenced, but properly redacted it, given that your client cannot (and should not be able to) use this case to obtain sensitive and proprietary advertising and marketing information of E-Lluminations: that would be using this case for an ulterior purpose and be further grounds for Elizabeth's Chapter 93A claim. **If your client will verify that she has not contacted any Barksdale customer during that time period except those disclosed in her discovery responses, we can accept that. Please provide the verification. If, in fact, she contacted other Barksdale customers at that time period, those must be disclosed and a complete, verified answer provided.**

   I'm not following what you want here. Perhaps it would be easier to discuss by phone.

3. Interrogatory No. 7: This information has been provided.
4. Interrogatory No. 11: We will supplement this response if any of the counselors listed are indeed reclassified as an expert witness, as opposed to a fact witness. We will do so in due course, and per the Court's scheduling deadlines.
5. Interrogatory No. 13. Elizabeth did respond to this question. Her response stands as set forth therein. **We still have no response as to whether she downloaded or preserved a copy of what was on the phone. If there is an iCloud backup, my client does not have it. Please produce that information on that backup, per the Barksdale parties' discovery requests. That has not yet been produced. In addition, your clients still to answer whether she, E-Lluminations or others on their behalf downloaded or preserved what was on the phone in any other way (as their attorney asserted they had done), and if so, in what way. Please provide this information by Friday.**

   I'm not following what you want here. Perhaps it would be easier to discuss by phone. I believe we answered fully.

6. Document Request No. 9. We consider Elizabeth's Facebook pages and posts (which you have, and have taken the time and print and reproduce to us, as well) to be her "notes" and her "journal." We have produced the

8

responsive information. All emails, moreover, contain "calendar" information, such as dates for when there may be relevant communications at-issue.

7. Document Request Nos. 11-19: No information is being withheld. In fact, we produced further responsive documents earlier this week when we produced information about the revenue of JCW Consulting, d/b/a E-lluminations.
8. Document Request No. 24: Further responsive documents pertaining to my clients' communications with each other are being reviewed for relevance at the present time, and will be produced if there is any relevant information therein. **Please produce all responsive information by Friday. Your clients have had these requests for almost four months. We will move to compel production if complete documents are not produced.**

   I'm surprised you are somehow complaining about documents not be available for 4 months, when to date, and as of sending this email, I still do not have many documents from your client that we too have been waiting for over a period of 4 months.

9. Document Request No. 27, 29-30: We produced further responsive documents earlier this week when we produced information about JCW Consulting and the revenue of JCW Consulting, d/b/a E-lluminations.
10. Document Request No. 34: We produced all of Ms. Williams' cell phone records to you, including additional records this week.
11. Document Request No. 38. Documents pertaining to Elizabeth's emotional distress are in the public MCAD and Court filings already. Moreover, Elizabeth will rely on the documents that will be produced by the relevant therapists in this matter.
12. This information has no relevance to the claims in the case at all. Yet, we already provided you with some of the information. Any further information is irrelevant. **I don't know what you are responding to here, please clarify the request number.** It appears this was a typo and it applies to 48 below.
13. Document Request No. 27: There is no claim in the case for defamation. You have asked to file an amended complaint. We have opposed it. The court has not ruled. That said, it appears from your document production that you have the sole set of documents that might be claimed to be responsive to this Request already, and you have produced them to us. As a result, we do not see any need to do anything further for Request No. 27. **See prior response.**
14. Document Request No. 48: I maintain our position. **See above, we will move to compel.**
15. Document Request No. 49: We have produced the responsive information we have, and from your production, I see that you have it as well and you have reproduced it back to us.
16. Document Request No. 50: There are no responsive documents.
    Document Request No. 56: To the extent we have any responsive documents, they will be produced. **"Will"? When? Your clients have had these requests for almost four months. We will seek to exclude anything produced after the depositions, and/or seek sanctions and costs for any added fees and costs incurred in having to re-depose your clients for any belated document production.** Again, I'm surprised you are somehow complaining about documents not be available for 4 months, when to date, and as of sending this email, I still do not have many documents from your client that we too have been waiting for over a period of 4 months.
17. Document Request No. 65: To the extent we have any responsive documents, they have already been or will be produced. **Nothing yet. See prior response.**
18. Document Request No. 66: We have produced this information. **In the past week or so, thank you.**

Thank you for your attention.

9